## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

      **Plaintiff,**

      v.                                                            **CASE NO. 22-3071-SAC**

**DAN SCHNURR, et al.,**

      **Defendants.**

## O R D E R

Plaintiff, Brian Michael Waterman, who is currently incarcerated at the Hutchinson Correctional Facility in Lansing, Kansas ("HCF"), brings this pro se civil rights case. Plaintiff alleges in his Complaint that HCF refuses to provide air flow in cell house C-1. He claims there are no fans and the windows are shut. He also claims the air conditioner has been turned off since March 28, 2022. (Doc. 1, at 6.) Plaintiff claims he has asthma and has had Covid, but he has not been seen by a doctor or nurse. Plaintiff claims that even if they turn the fan on "it points downstairs." *Id*. at 4. Plaintiff then states that he saw the nurse on April 10, 2022. *Id*. Plaintiff acknowledges that he has an inhaler and claims he has increased its use. *Id*. at 5.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]

---

[1] Prior to filing the instant complaint on April 10, 2022, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan.

Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 26, 2022,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated April 11, 2022, in Topeka, Kansas.**


<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**